Filed 5/16/24  P. v. Gutierrez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082694 |
| v. | (Super.Ct.No. FSB035546) |
| RONALD EDWARD GUTIERREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Alexander R. Martinez, Judge.  Dismissed.

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On June 20, 2003, a jury convicted defendant and appellant Ronald Edward Gutierrez of two counts of attempted willful, deliberate, and premeditated murder (Pen.

Code, §§ 664, 187, subd. (a), counts 1 & 4)[1] and two counts of assault with a semiautomatic firearm (§ 245, subd. (b), counts 6 & 7).  The jury also found true various personal use of a firearm allegations attached to the counts.  (§§ 12022.5, subd. (a); 12022.53, subds. (b), (c) & (d).[2]  (*Gutierrez*, *supra*, E034496.)

The trial court thereafter found true allegations that defendant had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), a prior serious felony conviction (§ 667, subd. (a)(1)), and two prior prison terms (§ 667.5, subd. (b)).  The court sentenced defendant to a total term of 78 years to life in state prison.  (*Gutierrez*, *supra*, E034496.)

On May 25, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95.[3]  Defense counsel and the People thereafter filed various pleadings.  At a hearing on September 29, 2023, at which defendant was represented by counsel, the court indicated it had reviewed the jury instructions and denied the petition without prejudice.

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  On our own motion, we take judicial notice of this court's opinion from defendant's appeal of the judgment, which the People attached to their response, from which they quoted at length, and of which they requested the court below take judicial notice.  The court also indicated it had read the opinion.  (*People v. Gutierrez* (Oct. 22, 2004, E034496) [nonpub. opn.].)  (Evid. Code, §§ 452, 459.)

[3]  Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6.  (Stats. 2022, ch. 58, § 10.)

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case, requesting that we exercise our discretion to independently review the record for error, and raising one potentially arguable issue: whether the court prejudicially erred in denying the petition on the court's stated basis that defendant had failed to make a prima facie showing of relief.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
Acting P. J.


We concur:


CODRINGTON_____
                        J.


RAPHAEL_____
                        J.

3